People v Rodriguez (2026 NY Slip Op 01737)

People v Rodriguez

2026 NY Slip Op 01737

Decided on March 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026

Before: Manzanet-Daniels, J.P., Shulman, Rodriguez, Higgitt, Rosado, JJ. 

Ind. No. 74220/22|Appeal No. 6180|Case No. 2023-03920|

[*1]The People of the State of New York, Respondent,
vAntonio Rodriguez, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Brian Witthuhn of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven J. Hornstein, J.), rendered July 7, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years of probation, unanimously affirmed.
Defendant validly waived his right of appeal, which tracked the model colloquy the Court of Appeals endorsed in People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US 1302 [2020]). "The record does not support defendant's contention that the court misled him as to his right to counsel on any appeal of the limited issues he was still entitled to pursue notwithstanding the waiver" (People v Jackson, 244 AD3d 547, 548 [1st Dept 2025]). Defendant's valid waiver forecloses review of his excessive sentence claim and his as-applied constitutional challenges to the conditions of probation.
Defendant's valid waiver does not foreclose review of his Second Amendment claim pursuant to New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) because Bruen claims are "facial constitutional challenges" and thus "non-waivable" (People v Johnson, — NY3d &mdash, &mdash, 2025 NY Slip Op 06528, *6 [2025]). Additionally, defendant has "standing to challenge the facial constitutionality of the state's firearm licensing scheme, notwithstanding his failure to apply for a license" (Johnson, 2025 NY Slip Op 06528, *10-11). On the merits, defendant has failed to establish that the indictment is unconstitutional.
To the extent that defendant challenges the "good moral character" provision in Penal Law § 400.00(1)(b), his arguments are unpreserved because he failed to raise them in his motion to dismiss the indictment, and we decline to review them in the interest of justice (see People v Jacobs, 248 AD3d 200 [1st Dept 2026]). As an alternative holding, we reject them on the merits (see�e.g.�People v Guzman, 237 AD3d 570, 571�[1st Dept 2025],�lv�denied�44 NY3d 993 [2025]).
Defendant's contention that his counsel rendered ineffective assistance in challenging New York's then-former proper-cause requirement, rather than challenging the "good moral character" provision, is "improperly raised for the first time in his reply brief" and is "unreviewable on direct appeal, as it involves matters not reflected in the record, and must be raised in a CPL 440.10 motion" (Jacobs, 248 AD3d 200). As an alternative holding, insofar as the record allows review, we find that counsel did not render ineffective assistance (see People v Caban, 5 NY3d 143, 152 [2005]).
To the extent that defendant raises facial constitutional challenges to probation conditions requiring him to "[a]void injurious or vicious habits," to "refrain from frequently unlawful or disreputable places," not to "consort with disreputable people," and to "[s]upport dependents and meet other family responsibilities" (Penal Law § 65.10[2][a], [b], [f]), they survive the waiver of the right to appeal (see People v Tompson, 245 AD3d 609-610 [1st Dept 2026]). However, defendant's constitutional challenges are unpreserved because he did not raise them before the trial court (see People v Cabrera, 41 NY3d 35, 42 [2023]), and we decline to reach them in the interest of justice.
Defendant's nonconstitutional challenges to his probation conditions do not require preservation because the "issue implicates the legality of the sentence imposed" and survives the waiver of the right to appeal (People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). At the time of his arrest, defendant possessed a loaded firearm. Accordingly, the sentencing court providently deemed it "reasonably necessary" to order defendant to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" "to insure that the defendant will lead a law-abiding life or to assist him to do so" (People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]). The court also providently ordered defendant to "[s]upport his dependents and meet other family responsibilities" (Penal Law § 65.10[2][f]) because defendant had
children "for whom he is obligated to provide support" (People v Bruno, 244 AD3d 1227, 1228 [2d Dept 2025]).
We perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2026